[Cite as *State v. Huntsman*, 2014-Ohio-440.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MO 6 |
| V. | ) | |
| | ) | OPINION |
| MATTHEW HUNTSMAN, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from Court of Common
Pleas of Monroe County, Ohio
Case No. CR2012-055

JUDGMENT:   Affirmed

APPEARANCES:
For Plaintiff-Appellee   James Peters
Prosecutor
Monroe County Prosecutors Office
101 North Main Street, Room 15
Woodsfield, Ohio 43793

For Defendant-Appellant   Attorney Peter Galyardt
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: February 5, 2014

DONOFRIO, J.

{¶1} Defendant-appellant, Matthew Huntsman, appeals from a Monroe County Common Pleas Court judgment sentencing him to 18 months in prison and ordering him to pay court costs following his no contest plea to having a weapon while under disability, endangering children, and possession of drugs.

{¶2} On February 16, 2012, a Monroe County Grand Jury indicted appellant on a ten-count indictment. He initially entered a not guilty plea.

{¶3} Appellant later entered into a plea agreement where he entered a no contest plea to three counts: having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3); possession of drugs, a minor misdemeanor in violation of R.C. 2925.11; and endangering children, a first-degree misdemeanor in violation of R.C. 2919.22(A). As part of the plea deal, plaintiff-appellee, the State of Ohio, agreed to recommend an 18-month prison sentence, to offer no objection to appellant filing a motion for judicial release after six months, and to dismiss the remaining charges. The trial court accepted appellant's plea and entered a finding of guilt.

{¶4} The trial court subsequently sentenced appellant to 18 months in prison for the weapons charge, 90 days in jail on the endangering children charge to be served concurrently with the prison term, and a six-month driver's license suspension and $25 fine on the drug possession charge. The court also ordered appellant to pay court costs.

{¶5} Appellant filed a timely notice of appeal on May 2, 2013.

{¶6} Appellant raises a single assignment of error that states:

THE TRIAL COURT VIOLATED R.C. 2947.2399(A)(1) AND ERRED BY IMPOSING COURT COSTS WITHOUT NOTIFYING MATTHEW HUNTSMAN, DURING HIS SENTENCING HEARING, THAT FAILURE TO PAY THOSE COSTS MAY RESULT IN THE COURT'S ORDERING HIM TO PERFORM COMMUNITY SERVICE.

{¶7} At appellant's May 30, 2013 sentencing hearing, the trial court informed appellant that he would have to pay court costs and granted judgment in favor of the

clerk of courts. (Tr. 109). This was the court's only mention of court costs at the sentencing hearing. The court did not inform appellant that if he failed to pay the court costs it could order him to perform community service. In the sentencing judgment entry, however, the court stated:

> **Defendant shall pay costs associated with prosecution. Judgment is hereby granted in favor of the Clerk of Courts.**
> -Pursuant to R.C. §2947.23, if you fail to pay that judgment or fail to timely make payments toward that judgment under a payment schedule approved by the Court, the Court may order you to perform community service in an amount of not more than forty (40) hours per month until the judgment is paid or until the Court is satisfied that you are in compliance with the approved payment schedule.
> -If the Court orders you to perform community service, you will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

(Emphasis sic.)

{¶8} Appellant argues that the trial court erred in failing to inform him at his sentencing hearing that it could require him to perform community service if he did not pay his court costs. Appellant acknowledges that the court did inform him of the possibility of community service for failure to pay court costs in the sentencing judgment entry. But he asserts R.C. 2947.23(A)(1) requires the court to give this notice at the sentencing hearing as well.

{¶9} Appellant relies on this court's decision in *State v. Castle*, 7th Dist. No. 08 MA 195, 2010-Ohio-3154, in support of his position. In *Castle*, the defendant's sentencing judgment entry simply stated "Costs to defendant." On appeal, the defendant argued that the trial court erred by imposing court costs without informing him that the failure to pay those costs could result in the court's ordering him to perform community service. At the time, R.C. 2947.23 provided, in part:

(A)(1) In all criminal cases* * *  the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶10} This court found that if the defendant failed to pay the court costs as ordered, the trial court should not have the option of imposing community service because it did not inform the defendant of that possibility at his sentencing hearing. *Id.* at ¶¶12-13.   We modified the defendant's sentencing entry to prohibit the imposition of community service as a means of collecting the court costs.  *Id.* at ¶13.

{¶11} But the Legislature made two significant changes to R.C. 2947.23 since we decided *Castle*.  The Legislature amended R.C. 2947.23 on September 28, 2012.  It then enacted the current version on March 22, 2013.  The trial court sentenced appellant on April 30, 2013.  Thus, the current version of R.C. 2947.23 applied to appellant's sentence.  R.C. 2947.23(A)(1) now provides:

(a) In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs. *If the judge or magistrate imposes*

*a community control sanction or other nonresidential sanction, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:*

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

(b) *The failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments toward that judgment under an approved payment plan.*

(Emphasis added.)

{¶12} The most recent amendment made the addition in R.C. 2947.23(A)(1)(a). The first sentence of R.C. 2947.23(A)(1)(a) states that the court is to include court costs in the sentence "in all criminal cases." The second sentence then states that *if* the court "imposes a community control sanction or other nonresidential sanction," it shall notify the defendant of the possibility of community service if the defendant fails to pay the court costs. Thus, under the language of the current statute, the court is no longer required to inform a defendant that it may order him or her to perform community service for failure to pay court costs unless the court "imposes a community control sanction or other nonresidential sanction." This

language was not included in the old version of R.C. 2947.23(A)(1). This new language limits the required notice to the defendant regarding community service to cases only where the court imposes a community control type sanction.

{¶13} In the present case, the trial court sentenced appellant to prison. Thus, the trial court was not required to give appellant the notice regarding community service.

{¶14} Second, the September 28, 2012 amendment to R.C. 2947.23 added the language in section (A)(1)(b) that the court's failure to notify the defendant that it may order him or her to perform community service for failure to pay court costs "does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment." Thus, the Legislature specifically intended to allow courts to order community service for failure to pay court costs regardless of whether the court informed the defendant of such.

{¶15} Consequently, under the current version of R.C. 2947.23(A)(1)(b), the trial court's failure to notify appellant of the possibility of community service would not prohibit the court from later ordering community service should appellant fail to pay his court costs.

{¶16} Therefore, the trial court did not err in failing to notify appellant at the sentencing hearing that it could order him to perform community service in the event he failed to pay his court costs.

{¶17} Accordingly, appellant's sole assignment of error is without merit.

{¶18} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.