[Cite as *State v. Hamrick*, 2017-Ohio-4211.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 16CA010935 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK HAMRICK | ELYRIA MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 2015 TRC 08297 |

DECISION AND JOURNAL ENTRY

Dated: June 12, 2017

CALLAHAN, Judge.

{¶1} Appellant, Mark Hamrick, appeals from his conviction in the Elyria Municipal Court. For the reasons set forth below, this Court affirms.

I.

{¶2} Mr. Hamrick was indicted for operating a vehicle under the influence of alcohol and/or drugs ("OVI") and a marked lane violation. He filed a motion to suppress the results of the BAC DataMaster blood alcohol reading. A hearing was held and the motion to suppress was denied.

{¶3} Mr. Hamrick timely appeals his conviction and raises one assignment of error.

II.

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MR. HAMRICK'S] MOTION TO SUPPRESS BLOOD ALCOHOL CONTENT TEST RESULTS WHERE [MR. HAMRICK'S] CONSENT WAS BASED ON FALSE INFORMATION GIVEN [TO MR. HAMRICK] TO INDUCE CONSENT.

{¶4}  Mr. Hamrick argues the trial court erred in denying his motion to suppress.  This Court disagrees.

{¶5}  A motion to suppress evidence presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  A reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982).  "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).  Therefore, this Court grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist).

{¶6}  Mr. Hamrick contends his consent to take the breathalyzer test was involuntary because it was induced by Officer Sabo's misleading summation of the penalties under R.C. 4511.191, the administrative license suspension statute ("ALS"). The State responds that consent to take a breathalyzer test is satisfied by an officer reading the BMV Form 2255 to the arrestee. Mr. Hamrick only challenges the trial court's application of the law to the facts.

{¶7}  Based on Ohio's implied consent statute, "an OVI suspect is already deemed to have consented to the breath test." *Middleburg Hts. v. Henniger*, 8th Dist. Cuyahoga No. 86882, 2006-Ohio-3715, ¶ 19.  *Accord* R.C. 4511.191(A)(2).  However, prior to requesting a person under arrest for OVI to submit to a chemical test, such as a breathalyzer, the arresting officer must read BMV Form 2255 to the person. *See* R.C. 4511.192(B). BMV Form 2255 contains the statutory requirements prescribed in R.C. 4511.192(B).  *State v. White*, 3d Dist. Allen No. 1-13-

27, 2014-Ohio-555, ¶ 36; *State v. Henriksson*, 12th Dist. Butler No. CA2010-08-197, 2011-Ohio-1632, ¶ 13.

{¶8} The Ohio Supreme Court has held that there is "valid consent or refusal to take a breath-alcohol-concentration test in the context of an administrative license suspension" when BMV Form 2255 is read to the arrestee. *Bryan v. Hudson*, 77 Ohio St.3d 376 (1997), syllabus. Ohio appellate courts have consistently rejected arguments that extraneous statements, misinformation, or lack of additional information from an officer renders the arrestee's consent to submit to a chemical test involuntary. *See, e.g., Twinsburg v. Lisch*, 9th Dist Summit Nos. 19627, 19628, 2000 WL 150755, *6 (Feb. 9, 2000) (officer's minor misstatements regarding driving privileges did not impact the defendant's implied consent when the officer fully complied with R.C. 4511.192(B) (formerly R.C. 4511.191(C)(1)); *State v. Tino*, 1st Dist. Hamilton Nos. C-960393, C-960394, C-960395, 1997 WL 106339, *2 (Mar. 5, 1997) ("[t]he results of the [chemical] test * * * were admissible in the disposition of appellant's criminal case regardless of whether the ALS provisions were properly communicated"); *White* at ¶ 38 ("[s]ince there were no irregularities in * * * the implied consent warnings read to him, the implied consent was valid"); *Henriksson* at ¶ 13 (trial court denied motion to suppress because the "the arresting officer [] was only required to advise appellant as to the information contained in R.C. 4511.192(B), the same information as found on BMV Form 2255"); *Wickliffe v. Hromulak,* 11th Dist. Lake No. 2000-L-069, 2001 WL 409523, *5 (Apr. 20, 2001) ("[t]he fact that appellant * * * failed to recognize that he would be subject to penalties beyond the ninety-day administrative suspension * * * does not call into question the validity of his consent in submitting to the BAC test"); *State v. Poynter*, 78 Ohio App.3d 483, 486 (3d Dist.1992) ("failure by the refusal form

and [the] [o]fficer * * * to mention the possibility of petitioning the court for driving privileges is not an indication of involuntary consent").

{¶9} In this case, the parties stipulated to the recording of Mr. Hamrick and Officer Sabo in the booking room at the North Ridgeville Police Department. The stipulation also included Officer Sabo having correctly read BMV Form 2255 to Mr. Hamrick. Based on the stipulation, there were no irregularities in the reading of BMV Form 2255, thereby rendering Mr. Hamrick's consent to the take the breathalyzer test valid and the results of the BAC test admissible. *See Hudson* at syllabus; *see also White* at ¶ 38. Any extraneous information provided by Officer Sabo to Mr. Hamrick after the officer read BMV Form 2255 aloud to Mr. Hamrick was immaterial and has no bearing upon the voluntariness of Mr. Hamrick's consent. *See Lisch* at *5-6; *see Tino* at *1-2.

{¶10} The State also argues this is not a constitutional issue and thus not subject to a motion to suppress. In light of the above analysis, this Court need not consider the merits of the State's alternative argument.

{¶11} Mr. Hamrick's assignment of error is overruled.

III.

{¶12} Mr. Hamrick's assignment of error is overruled. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DAVID M. LYNCH, Attorney at Law, for Appellant.

TONY L. MORGAN, Prosecuting Attorney, for Appellee.