[Cite as *State v. Torrence*, 2022-Ohio-3024.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ANGELA M. TORRENCE

    Appellant

C.A. No.     30099

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    20 TRC 4000

DECISION AND JOURNAL ENTRY

Dated: August 31, 2022

SUTTON, Judge.

**{¶1}** Defendant-Appellant Angela Torrence appeals from the judgment of the Barberton Municipal Court. For the reasons set forth below, this Court affirms.

I.

**{¶2}** At approximately 3:30 a.m. on August 8, 2020, Summit County Sheriff's Deputy Christopher Klopfenstein responded to a dispatch call for a single vehicle crash in the north bound lane of Interstate 77 in the City of Green. When Deputy Klopfenstein arrived on scene, he discovered a vehicle that appeared to have struck the median, rotated 180 degrees, and ended up facing the wrong direction. Inside the vehicle, he discovered Ms. Torrence.

**{¶3}** Deputy Klopfenstein advised Ms. Torrence that he needed to perform field sobriety testing. However, because Ms. Torrence failed to follow the directions issued for the field sobriety tests, Deputy Klopfenstein was unable to perform the tests.

{¶4} Deputy Klopfenstein placed Ms. Torrence under arrest for suspicion of operating a vehicle while under the influence of alcohol and transported her to the Sheriff's office in Green. At the office, she refused to consent to a breathalyzer test. Deputy Klopfenstein then placed Ms. Torrence under arrest.

{¶5} On May 11, 2021, Ms. Torrence appeared in court for a bench trial. The State presented the testimony of Deputy Klopfenstein. Deputy Klopfenstein testified that he had been employed by the Summit County Sheriff's Office for five years and worked as a patrol officer for the last two years. He testified that he completed his training as a police officer at the Ohio Peace Officer Training Academy and was also an Advanced Impairment Driver Enforcement (ARIDE) certified officer. The ARIDE certification indicated that Deputy Klopfenstein had completed additional training on the identification of drivers impaired by alcohol or drugs.

{¶6} Deputy Klopfenstein testified that on the evening in question, he arrived at the scene of the accident and approached Ms. Torrence in her car. Upon speaking with her, Deputy Klopfenstein could "smell the strong odor of alcohol." He also noted that "her eyes were bloodshot and watery." When Deputy Klopfenstein asked Ms. Torrence to exit the vehicle, she immediately placed her hands behind her back and told the officer to "take me to Summit County."

{¶7} Deputy Klopfenstein testified he then attempted to perform three field sobriety tests: the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-leg stand test. Deputy Klopfenstein stated that he was unable to discern any clues of impairment during the HGN test because Ms. Torrence "had her hands on her hip[s] and her head tilted not really wanting to participate in the test" and "[s]he kept moving her head as well." During the walk-and-turn test, Deputy Klopfenstein testified Ms. Torrence failed to follow his directions, and "didn't even do the heel to toes at all. Just kind of did a normal walk, took ten steps that way, just did a normal turn

back around and walked back and just finished the test." Deputy Klopfenstein indicated that due to her noncompliance and inability to properly complete the test, he was unable to determine any clues of impairment on the walk-and-turn test. Ms. Torrence also failed to follow his directions during the one-leg stand test, and "did not even raise one of her feet."

{¶8} After presenting the testimony of Deputy Klopfenstein, the State rested its case. Counsel for Ms. Torrence made a Crim.R. 29 motion for acquittal, which the trial court denied. The defense then rested its case without presenting any evidence or testimony.

{¶9} The trial court took the matter under advisement and issued a written decision on June 28, 2021. The trial court found that Count A, a violation of R.C. 4511.19(A)(2)(b), was not properly charged and dismissed that charge against Ms. Torrence. However, the trial court found Ms. Torrence guilty of Count B, a violation of R.C. 4511.19(A)(1)(a), operating a vehicle while under the influence of alcohol, and guilty of Count C, a violation of R.C. 4511.202, failure to control. A sentencing hearing was held on July 29, 2021. For her conviction for operating a vehicle while under the influence of drugs or alcohol, the trial court sentenced Ms. Torrence to a term of 180 days in jail but suspended 177 days on the condition she successfully complete 180 days of SCRAM monitoring. Further, in lieu of the three days in jail, the trial court sentenced her to a three-day driver intervention program and suspended her license for three years. The trial court also imposed a $375 fine and ordered her to pay court costs. For her conviction for failure to control, the trial court sentenced Ms. Torrence to a fine of ten dollars plus court costs. The trial court did not inform Ms. Torrence that pursuant to R.C. 2947.23(A), the trial court could order her to perform community service if she failed to pay the judgment or to make payments under a payment schedule approved by the court.

{¶10} Counsel for Ms. Torrence notified the trial court of her desire to appeal the judgment of conviction and asked for a stay of the execution of Ms. Torrence's sentence. The trial court stayed the execution of the three-day driver intervention program but ordered that the portion of the sentence requiring the SCRAM monitoring bracelet be executed immediately.

{¶11} Ms. Torrence timely appealed the decision of the trial court, assigning four errors for this Court's review.

II.

### ASSIGNMENT OF ERROR I

**MS. TORRENCE'S CONVICTION FOR OPERATING A VEHICLE UNDER THE INFLUENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT OVERRULED MS. TORRENCE'S CRIM.R. 29(A) MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION.**

{¶12} In her brief, Ms. Torrence presented an argument that combined the first assignment of error, that her conviction was against the manifest weight of the evidence, and her second assignment of error, that her conviction was legally insufficient.

{¶13} It is well-established, however, that "a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations." *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 18. Accordingly, "it is not appropriate to combine a sufficiency argument and a manifest weight argument within a single assignment of error." *State v. Mukha*, 9th Dist. Wayne No. 18AP0019, 2018-Ohio-4918, ¶ 11; *see* Loc.R. 16(A)(7) ("Each assignment of error shall be separately discussed * * *."); App.R. 12(A)(2) ("The court may disregard an assignment of error presented

for review if the party raising it fails to * * * argue the assignment separately in the brief[.]"). However, to aid the administration of justice, we choose to exercise our discretion and consider Ms. Torrence's combined arguments separately below.

### Manifest Weight

{¶14} We turn first to Ms. Torrence's allegation that her convictions were against the manifest weight of the evidence. Though Ms. Torrence alleged in her first assignment of error that her convictions were against the manifest weight of the evidence, she has not developed a manifest weight argument and this Court will not develop one on her behalf. *See State v. Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, ¶ 16 ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him."). Accordingly, to the extent that Ms. Torrence alleges her convictions are against the manifest weight of the evidence, that argument is not well-taken.

### Sufficiency of the Evidence

{¶15} We now turn to Ms. Torrence's argument that her conviction is not supported by sufficient evidence. "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is

sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶16} R.C. 4511.19(A)(1) states: "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶17} Additionally, R.C. 4511.202 states: "[n]o person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle[.]"

{¶18} Here, it is undisputed that on the night in question, Ms. Torrence was operating a vehicle, and she lost control and crashed her vehicle. Therefore, the only question left for this Court to consider is whether the State presented sufficient evidence to establish that Ms. Torrence was under the influence of drugs or alcohol.

{¶19} At trial, the State offered the testimony of Deputy Klopfenstein, who testified that: (1) a strong odor of alcohol was coming from Ms. Torrence; (2) her eyes were watery and bloodshot; and (3) her speech was slightly slurred. Additionally, Ms. Torrence had lost control of and crashed her vehicle, indicating a possibility that impairment due to the influence of drugs or alcohol could have caused her to crash. Deputy Klopfenstein also testified, and his body camera video demonstrated, that Ms. Torrence was unable and unwilling to follow his directions when he was administering the field sobriety tests, indicating possible impairment.

{¶20} Additionally, Deputy Klopfenstein testified that Ms. Torrence refused a breathalyzer test at the police station, and as the Ohio Supreme Court stated in *City of Westerville v. Cunningham*, 15 Ohio St.2d 121, 122 (1968), "it is reasonable to infer that a refusal to take [a

breathalyzer] test indicates the defendant's fear of the results of the test and his consciousness of guilt[.]"

**{¶21}** Ms. Torrence argues her refusal to answer questions or sign BMV Form 2255 should not be considered because she invoked her right to counsel and had not been properly advised of her *Miranda* rights.[1,2] Ms. Torrence's argument is misplaced, however, because, even if true, when a reviewing court examines whether a conviction is supported by sufficient evidence, a reviewing court may consider wrongly admitted evidence when determining sufficiency of the evidence. *See State v. Kareski*, 137 Ohio St.3d 92, 2013-Ohio-4008, ¶ 15, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, ¶ 25. Explaining the practical reasons for this in *State v. Brewer*, *supra*, the Ohio Supreme Court explained:

> If the evidence offered by the State is received after challenge and is legally sufficient to establish the guilt of the accused, the State is not obligated to go further and adduce additional evidence that would be, for example, cumulative. Were it otherwise, the State, to be secure, would have to assume every ruling by the trial court on the evidence to be erroneous and marshall and offer every bit of relevant and competent evidence. The practical consequences of this would adversely affect the administration of justice, if for no other reason, by the time which would be required for preparation and trial of every case." Thus, retrial grants the state "one full and fair opportunity" to present its evidence to the jury free from error.

(Internal citations omitted.) *Brewer* at ¶ 19. Therefore, for purposes of a sufficiency challenge, Ms. Torrence's refusals are reviewed by this Court as proper evidence presented by the State.

---

[1] The BMV Form 2255 is commonly referred to as the implied consent form. *See State v. Hamrick*, 9th Dist. Lorain No. 16CA019035, 2017-Ohio-4211, ¶ 7 ("Based on Ohio's implied consent statute, an OVI suspect is already deemed to have consented to the breath test. However, prior to requesting a person under arrest for OVI to submit to a chemical test, such as a breathalyzer, the arresting officer must read BMV Form 2255 to the person. BMV Form 2255 contains the statutory requirements prescribed in R.C. 4511.192(B).") (Internal quotation and citation omitted.)

[2] Ms. Torrence did not file a suppression motion.

Viewing this evidence in a light most favorable to the State, this Court concludes that a trier of fact could reasonably conclude beyond a reasonable doubt that Ms. Torrence operated a vehicle under the influence of alcohol and failed to maintain control of her vehicle. Ms. Torrence's convictions for operating a vehicle under the influence of alcohol and failure to control are, therefore, not based on insufficient evidence.

{¶22} Ms. Torrence's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST MS. TORRENCE WITHOUT COMPLYING WITH R.C. 2947.23(A).**

## ASSIGNMENT OF ERROR IV

**MS. TORRENCE WAS DENIED HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL WHEN [HER] TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF COURT COSTS UNDER R.C. 2947.23(A) WAS DEFECTIVE[.]**

{¶23} In her third assignment of error, Ms. Torrence argues the trial court committed plain error when it failed to notify her pursuant to R.C. 2947.23(A) that she could be ordered to perform community service if she failed to pay the court costs, and, if so ordered, she would receive credit upon the judgment at a specified hourly rate. In her fourth assignment of error, Ms. Torrence argues her trial counsel was ineffective for failing to argue that the trial court erred by assessing costs without complying with R.C. 2947.23(A). For the reasons that follow, we disagree.

{¶24} At the sentencing hearing, the trial court ordered Ms. Torrence to pay the costs of the proceedings as part of her sentences for operating a vehicle while under the influence and failure to control her vehicle. It did not, however, notify her regarding any of the provisions in R.C. 2947.23(A)(1)(a) or (b). Relevant to this case, R.C. 2947.23(A)(1)(a)(ii) states in part:

If the judge or magistrate imposes a community control sanction or other nonresidential sanction, the judge or magistrate, when imposing the sanction, *shall* notify the defendant * * * [i]f the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

(Emphasis added.)

{¶25} Previously, this Court has held that the notification provisions of R.C. 2947.23(A) are mandatory, and as such, "no judge has the authority to disregard the law by ignoring a statutorily mandated term" and that such failure to notify constituted reversible error. *State v. Debruce*, 9th Dist. Summit No. 25574, 2012-Ohio-454, ¶ 36-37. *See also State v. Beach*, 9th Dist. Summit No. 26021, 2015-Ohio-3445, ¶ 51; *State v. Eader*, 9th Dist. Summit No. 26762, 2013-Ohio-3709, ¶ 19; *State v. Ross*, 9th Dist. Summit No. 25778, 2012-Ohio-1389, ¶ 28. However, effective September 28, 2012, R.C. 2947.23(A) was amended to include the following language:

(b) The failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments toward that judgment under an approved payment plan.

R.C. 2947.23(A)(1)(b). While this Court has considered this issue since the statute was amended, the defendants in those cases were sentenced prior to the modification of the statute, making the prior version of the statute applicable in those matters. In *State v. Battle*, 9th Dist. Summit No. 27549, 2016-Ohio-2917, the defendant was sentenced on November 22, 2005. Further, in *State v. Beach*, 9th Dist. Summit Nos. 26021, 27124, 2015-Ohio-3445, ¶ 4, the defendant was sentenced on June 13, 2011.

{¶26} As our sister districts have noted, in amending the statute, "[t]he Legislature specifically intended to allow courts to order community service for the failure to pay court costs regardless of whether the court informed the defendant of such." *State v Brown*, 12th Dist. Butler

No. CA2013-03-043, 2014-Ohio-1317, ¶ 31, quoting *State v. Huntsman*, 7th Dist. Monroe No. 13 MO 6, 2014-Ohio-440, ¶ 14. Appellate Courts have concluded that this additional language means "there is no longer a need to reverse and remand for resentencing, when the sentencing error involves the failure to notify a defendant of possible community service for neglecting to pay imposed court costs." *State v. Cauthen*, 1st. Dist. Hamilton No. C-130475, ¶ 8; *see also Brown* at ¶ 28-32; *State v. Brock*, 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, ¶ 14. We agree.

{¶27} Accordingly, Ms. Torrence has not demonstrated the trial court committed reversible error in failing to give the R.C. 2947.23(A)(1)(a) advisement. Because Ms. Torrence has not demonstrated reversible error, she likewise has not demonstrated ineffective assistance of counsel. *See State v. Taylor*, 9th Dist. Summit No. 27867, 2016-Ohio-3439, ¶ 20. Ms. Torrence's third and fourth assignments of error are overruled.

III.

{¶28} Ms. Torrence's first, second, third, and fourth assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Assistant Prosecuting Attorney, for Appellee.