[Cite as *ATCL 1, L.L.C. v. State of Ohio Bd. of Pharmacy*, 2023-Ohio-59.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| ATCL 1, LLC | C.A. No.     30049 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE OF OHIO BOARD OF PHARMACY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.     CV-2019-08-2960 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: January 11, 2023

HENSAL, Presiding Judge.

{¶1}    The State of Ohio Board of Pharmacy ("the Board") appeals a judgment of the Summit County Court of Common Pleas that granted ATCL 1, LLC's administrative appeal from an order of the Board.  For the following reasons, this Court affirms.

I.

{¶2}    ATCL applied to the Board for one of a limited number of licenses to dispense medical marijuana.  The Board hired reviewers to score applications across several categories and awarded licenses to the applicants who scored the highest within a specific geographic area.  Because ATCL placed fifth among the applicants in an area of the state that the Board had determined would receive only three licenses, its application was denied.  ATCL sought review of the Board's decision, which went before a hearing examiner.  The examiner issued a report recommending that ACTL's application be denied, which the Board adopted.  ACTL then filed an administrative appeal with the common pleas court.  Following a hearing, the court found that the

grading of the applications had been inconsistent and granted the appeal. It ordered the matter be remanded so that the Board could reevaluate the scoring of ATCL's application. The Board has appealed, assigning four errors.[1]

II.

ASSIGNMENT OF ERROR I

CAN A COURT FIND THAT AN ADJUDICATION ORDER IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE WHEN THERE ARE NO MATERIAL FACTS IN DISPUTE?

ASSIGNMENT OF ERROR II

OHIO ADM.CODE 3796:6-2-04(A) REQUIRED THE PHARMACY BOARD TO USE COMPETITVE SCORING TO DECIDE WHO SHOULD BE AWARDED A MEDICAL MARIJUANA DISPENSARY LICENSE. THE COURT IMPLICITLY REQUIRED THE PHARMACY BOARD TO STRICTLY COMPLY WITH ITS REQUEST FOR APPLICATIONS. DID THE COURT ERR?

**{¶3}** In its first and second assignments of error, the Board argues that the common pleas court incorrectly found that its decision was not supported by reliable, probative, and substantial evidence. Under Revised Code 119.12(A)(1), "any party adversely affected by any order of an agency issued pursuant to an adjudication * * * denying the issuance * * * of a license * * * may appeal * * * to the court of common pleas of the county in which the place of business of the licensee is located * * *." "The court may affirm the order of the agency * * * if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12(M). "In the absence of this finding, it may reverse, vacate, or modify the order or make

---

[1] We note that the Board has argued its first and second and its third and fourth assignments of error together, contrary to Appellate Rule 12(A)(2) and 16(A)(7). Nevertheless, this Court will exercise its discretion to consider its combined arguments. *See State v. Torrence*, 9th Dist. Summit No. 30099, 2022-Ohio-3024, ¶ 13.

such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." *Id*. On further appeal by an agency, this Court "may * * * review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record." R.C. 119.12(N).

{¶4} Appellate Rule 9(A) provides that "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." In the first paragraph of its order, the common pleas court noted that it had "held a hearing in this matter." The Board did not seek preparation of the transcript of that hearing in accordance with Rule 9(B)(1) and (3). Instead, in its docketing statement, the Board indicated that the record would only consist of "the original papers, exhibits, a certified copy of the docket and journal entries, and any transcript of proceedings that were filed in the trial court prior to final judgment."

{¶5} At a hearing under Section 119.12, "counsel may be heard on oral argument, briefs may be submitted, and evidence may be introduced if the court has granted a request for the presentation of additional evidence." R.C. 1191.12(L). The record in this case does not contain any written requests for the presentation of additional evidence. Nevertheless, without a transcript of the hearing, this Court is unable to review all the arguments that were made to the common pleas court regarding whether the Board's decision was supported by reliable, probative, and substantial evidence and was in accordance with law.

{¶6} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned

errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see also Cook v. Bell*, 9th Dist. Summit No. 25092, 2010-Ohio-3579, ¶10 ("[I]n the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment."). Upon review of the record, we conclude that, without a transcript of the hearing before the common pleas court, we are unable to undertake a complete review of the soundness of the court's decision. Accordingly, we have no choice but to presume that it did not err. The Board's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

OHIO ADM.CODE 3796:6-2-04(A) PLACES THE BURDEN ON THE APPLICANT TO SHOW THAT IT WAS PREJUDICED BY ANY ERRORS IN SCORING. THE COURT BELOW FOUND THAT THERE WAS INCONSISTENT SCORING BY EVALUATORS BUT DID NOT REQUIRE THE APPLICANT TO SHOW THAT THOSE INCONSISTENCIES WERE PREJUDICIAL. DID THE COURT ERR?

### ASSIGNMENT OF ERROR IV

THE COURT FOUND THAT EVALUATORS SOMETIMES GAVE DIFFERENT ANSWERS TO IDENTICAL SCORES (SIC) AND REMANDED FOR THE PHARMACY BOARD TO "REEVALUATE THE SCORES" WITHOUT EXPLAINING HOW IT SHOULD DO SO. DID THE COURT ERR?

**{¶7}** In its third and fourth assignments of error, the Board argues that the common pleas court should have determined that ATCL did not establish that it was harmed by any variations in the scoring of its application. It also argues that the common pleas court exercised improper discretion when it remanded the matter back to the Board for the Board to reevaluate ATCL's scores.

**{¶8}** As with the Board's first and second assignments of error, because the record on appeal does not contain a transcript of the hearing before the common pleas court, we are unable

to undertake a complete review of the court's decision. Accordingly, we have no choice but to presume the decision's validity. *Knapp* at 199; *Cook* at ¶ 10. The Board's third and fourth assignments of error are overruled.

## III.

**{¶9}** The Board's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

POWELL, J.
<u>CONCURS IN JUDGMENT ONLY.</u>

CALLAHAN, J.
<u>DISSENTING.</u>

{¶10} I disagree with the lead opinion's conclusion that this Court cannot consider the merits of the Board's assignments of error. In the context of an administrative appeal, a court of common pleas acts in an appellate capacity. *See generally* R.C. 119.12. In an appeal arising under R.C. Chapter 119, a trial court's review "is confined to the record as certified to it" unless the consideration of new evidence is provided by law. R.C. 119.12(K). In this case, the trial court conducted a hearing solely for the purpose of hearing arguments on the merits of the appeal. The trial court did not consider any new evidence. Given the trial court's appellate function, the transcript of that oral argument is not necessary to resolve the assignments of error.

{¶11} I am also gravely concerned that the relief fashioned by the trial court did not take into consideration the potential effects on other applicants. For these reasons, I must respectfully dissent.

(Powell, J., of the Twelfth District Court of Appeals, sitting by assignment.)

<u>APPEARANCES:</u>

DAVE YOST, Attorney General, and HENRY G. APPEL, Principal Assistant Attorney General, for Appellant.

THOMAS BEVAN, Attorney at Law, for Appellee.

ALEX J. MCCALLION, DONALD W. DAVIS, JR., JASON A. BUTTERWORTH, and MATTHEW R. DUNCAN, Attorneys at Law, for Appellee.

JOHN IZZO, Attorney at Law, for Appellee.