[Cite as *Estate of Davidson*, 2024-Ohio-1722.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ESTATE OF DONALD A. DAVIDSON

C.A. No.     23CA011964


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     17ES000738

DECISION AND JOURNAL ENTRY

Dated: May 6, 2024

STEVENSON, Presiding Judge.

**{¶1}** Appellant Michael J. Scherach, Executor of the Estate of Donald A. Davidson ("Scherach"), appeals from the Lorain County Probate Court adopting a magistrate's decision granting an exception to the second partial fiduciary's account. Because the record is incomplete, this Court must presume regularity in the trial court's proceedings and affirm its decision. Accordingly, we affirm the decision of the Lorain County Probate Court.

I.

**{¶2}** Scherach is the appointed executor of the estate of Donald A. Davidson. Tricia Farr, Trinity Farr, and Gloria J. Babitt (collectively "Appellees") are beneficiaries of the estate.

**{¶3}** Farmland, totaling approximately 209 acres ("the farmland"), is part of the estate assets. The farmland previously benefited from current agricultural use valuation ("CAUV") discounts that lower the property's tax bill. Scherach did not apply for CAUV discounts for the 2018 and 2019 tax years and, as a result, recoupment penalties were assessed against the farmland.

{¶4}     Scherach argues that he did not submit CAUV renewal applications because of the terms contained in a purchase agreement for the farmland. The buyer ("buyer") was responsible under the purchase agreement for registering for CAUV discounts and for any recoupment penalties. Buyer did not register the farmland for CAUV discounts and Scherach did not pursue buyer for recoupment penalties.

{¶5}     Scherach's second partial account noted the recoupment penalties. Appellee Babbit filed an exception to the second partial account and a hearing was held before a trial court magistrate. The magistrate found that Scherach is the only proper party to register for a CAUV discount under R.C. 5713.31(A) and that he had no authority to delegate this duty to buyer.  The magistrate ordered that the estate account be amended to include $23,001.20 in recoupment penalties. Scherach filed objections to the magistrate's decision.

{¶6}     After holding an oral hearing on Scherach's objections, the trial court issued a written decision adopting the magistrate's decision and ordering that $23,001.20 in recoupment penalties be added to the estate account. The trial court also ruled that, as a designated beneficiary of the will, Appellee Babbit is an interested person in the estate and has an interest in the CAUV valuation exception that she filed. Scherach timely appeals the trial court's decision, asserting three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR NO. 1:**

**THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS DECISION BY VIOLATING RC 2113.39 THAT PROVIDES THAT AN EXECUTOR WHO BY TERMS OF THE WILL IS GRANTED THE ABSOLUTE POWER TO SELL REAL PROPERTY MAY DO SO IN A MANNER AND UNDER TERMS WHICH THE EXECUTOR CONSIDERS TO BE IN THE BEST INTEREST OF THE ESTATE UNDER THE TERMS OF THE WILL[.] * * ***

**ASSIGNMENT OF ERROR NO. 2:**

**THE TRIAL COURT ABUSED ITS DISCRETION, ERRED IN ITS DECISION, AND COMMITTED ERROR INCLUDING PLAIN ERROR IN CALCULATING AND FINDING WHAT IT CHARACTERIZED AS BEING "TAX LOSSES" TO THE ESTATE[.] * * ***

**ASSIGNMENT OF ERROR NO. 3:**

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN ITS DECISION CONSIDERING EXCEPTIONS OF BENEFICIARIES WHO PREVIOUSLY HAD THEIR EXCEPTIONS DISMISSED. * * ***

**{¶7}** This Court has not set forth Scherach's entire assignments of error, which continue by restating the above-cited points. The continuing statements in each assignment of error argue in support of the errors set forth above and argue the merits of the claims presented to the trial court rather than focusing on the errors alleged in this appeal.

**{¶8}** An assignment of error should state a concise description of the mistake alleged to have been made by the trial court. Assignments of error "should designate specific rulings which the appellant challenges on appeal. They may dispute the final judgment itself or other procedural events in the trial court." *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.*, 16 Ohio App.3d 342, 343 (8th Dist.1984). Detailed reasons why the court erred should not be included in the assignment of error.

**{¶9}** We exercise our discretion to further consider and review this case notwithstanding Scherach's failure to set forth appropriate assignments of error. *See, e.g.*, *State v. Mingo*, 9th Dist. Summit No. 30588, 2024-Ohio-543, ¶ 28.

**{¶10}** Scherach argues in his assignments of error that the trial court abused its discretion in adopting the magistrate's decision. Scherach argues that the trial court erred when it found that he, as executor, did not have absolute power to sell the farmland in any matter deemed to be in the

best interest of the estate; that the trial court erred in determining recoupment penalties; and that the trial court erred in considering the exception to his second partial account. The assignments of error will be addressed together as they all challenge the trial court's determination that the recoupment penalties be added to the estate account. For the reasons discussed below, we overrule Scherach's assignments of error.

{¶11} The trial court notes in its judgment entry that it held a hearing on Scherach's objections to the magistrate's decision. In reviewing a magistrate's decision, Civ.R. 53(D)(4)(d) authorizes the trial court to hold a hearing, at which it may take additional evidence.

{¶12} App.R. 9(A)(1) states that "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." In accordance with App.R. 9(B)(1) and (3), Scherach did not seek preparation of the transcript of the hearing that was held before the trial court as required by App.R. 9(B)(1) and (3). Without a transcript of the hearing, this Court is unable to review all the arguments and evidence that may have been admitted in the trial court.

{¶13} The transcript from the hearing before the court has not been included in the appellate record. "When the record is incomplete, this Court must presume regularity in the trial court's proceedings and affirm its decision." *Helms v. Gains*, 9th Dist. Summit No. 27616, 2015-Ohio-4000, ¶ 4; *see also Cook v. Bell*, 9th Dist. Summit No. 25092, 2010-Ohio-3579, ¶ 10 ("[I]n the absence of a complete record, this Court must presume regularity in the trial court's proceedings and accept its judgment."); *ATCL 1, LLC v. Bd. of Pharmacy*, 9th Dist. Summit No. 30049, 2023-Ohio-59, ¶ 6 ("without a transcript of the hearing before the common pleas court * * * we have no choice but to presume that it did not err.").

**{¶14}** Without a transcript of the hearing on Scherach's objections to the magistrate's decision that was held before the common pleas court, this Court is unable to undertake a complete review of the trial court's decision. We must presume regularity in the trial court's proceedings and presume that the trial court did not err. *Helms* at ¶ 4; *Cook* at ¶ 10; *ATCL 1* at 6. Accordingly, Scherach's assignments of error are overruled.

III.

**{¶15}** For the reasons set forth above, Scherach's assignments of error are overruled. The judgment of the Lorain County Probate Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ROBERT GARGASZ, Attorney at Law, for Appellant.

NEIL H. SPIKE, Attorney at Law, for Appellee.

GIOVANNA SCALETTE BREMKE, Attorney at Law, for Appellees.

BETTY BAGLEY, pro se, Appellee.

WESTON FARR and MITCHELL FARR, pro se, Appellees.